Soufer Family LLC v Sprague (2023 NY Slip Op 51018(U))

[*1]

Soufer Family LLC v Sprague

2023 NY Slip Op 51018(U)

Decided on September 28, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 28, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, J.

23-005

Soufer Family LLC, Petitioner-Landlord-Respondent, 
against
Barbara Sprague, Respondent-Tenant, and Anthony Gronowicz, Respondent-Undertenant-Appellant, and "John Doe" and/or "Jane Doe," Respondents.

Respondent Anthony Gronowicz, as limited by his briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated May 5, 2019, which granted petitioner's motion to dismiss respondent's second objection in point of law and second affirmative defense in a holdover summary proceeding.

Per Curiam.
Order (Clifton A. Nembhard, J.), dated May 5, 2019, insofar as appealed from, modified to the extent of reinstating so much of respondent's second objection in point of law and second affirmative defense as asserted succession rights; as modified, order affirmed, with $10 costs.
Respondent Anthony Gronowicz's second objection in point of law and second affirmative defense was properly dismissed to the extent that respondent alleged that he was a cotenant of the rent stabilized apartment at issue. It is undisputed that respondent was not named on the lease issued to his then-wife, respondent-tenant Barbara Sprague (see Rent Stabilization Code [RSC] [9 NYCRR] § 2520.6[d]). To the extent that Sprague previously requested that landlord add respondent's name to the lease (see RSC § 2522.5[g]), she subsequently stipulated in a prior proceeding to execute the lease in her name only.
Nevertheless, on landlord's CPLR 3211(b) motion, the allegations set forth in the answer must be viewed in the light most favorable to the respondent and the respondent is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed (see Pugh v New York City Hous. Auth., 159 AD3d 643 [2018]). Here, the second objection in point [*2]of law/affirmative while inartfully drafted in his answer, also clearly claimed that respondent is entitled to succession rights to the apartment following Sprague's vacatur. Landlord's motion did not address the succession defense. Nor do landlord's arguments with respect to the cotenancy issue find any application to respondent's succession defense. The stipulation in the prior proceeding did not address the issue. Nor was the defense barred by the doctrine of collateral estoppel since respondent's succession claim was not "previously . . . decided against him in a proceeding in which he had a fair opportunity to fully litigate the point" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). We express no view as to the ultimate outcome of respondent's succession claim.
With regard to petitioner's claims that the instant appeal is either untimely (see CPLR 5513[a]) or otherwise improper, we find that the record is not dispositive of these issues. Petitioner's remaining contentions have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: September 28, 2023